UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY SEARCY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00057-JMS-DKL |
| ) | |
| RICHARD BROWN Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

Jeremy Searcy challenges the validity of a disciplinary proceeding identified as No. CIC 14-05-0210, wherein he was found to have violated rules of conduct prohibiting inmates from attempting to escape. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: During the late morning of May 23, 2014, an inspection of cell bars at the Correctional Industrial Complex revealed a sheared off window hasp on the window padlock. A photograph of the hasp and of the padlock is identified as Exhibit B-3 to the return to show cause and is shown below:



This break in the hasp appeared to be fresh with no rust or corrosion. This break in the hasp allowed the window screen to be opened without unlocking the padlock. Searcy had moved into the cell on April 5, 2014. Searcy was aware of the broken/sheared hasp, but had not reported this to authorities.

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the challenged proceeding is not tainted by error and that Searcy's petition for writ of habeas corpus should therefore be **denied.** This conclusion rests on the following facts and circumstances:

1.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Searcy.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

2.      Applying the requirements of *Wolff* and *Hill* as an analytical template, Searcy received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Searcy was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

3.      Searcy's claims that he was denied the protections afforded by *Wolff* are without merit.

> a.      His challenge to the sufficiency of the evidence lacks merit for the reasons already explained. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Searcy denied responsibility for the condition of the

broken/sheared hasp, it was up to the hearing officer to decide any issue of credibility, *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007), and this court cannot now reweigh the evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999)(in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. CIC 14-05-0210 was constitutionally sufficient as to all components of the offense Searcy was found to have committed.

b.      Searcy contends that he was denied exculpatory evidence in the form of a record of offenders assigned to his cell going back to March 2014. This information was denied and the denial was reasonable because Searcy had ample time to both cause the hasp to become broken and likewise had ample time to report the hasp's condition if it was broken when he moved in on April 5, 2014.

c.      Searcy contends that the hearing officer gave an inadequate explanation for his finding. To the contrary, however, the hearing officer's statement of the evidence he relied on and of his findings were sufficient because they informed Searcy of the findings and were sufficient to permit meaningful review. *See Culbert v. Young,* 834 F.2d 624, 631 (7th Cir. 1987) (finding brief statement from disciplinary board sufficient when only issue was relative credibility of prison guard and prisoner); *Saenz v. Young,* 811 F.2d 1172, 1173-74 (7th Cir. 1987) (same).

4.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Searcy to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  February 1, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEREMY SEARCY
DOC 982429
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronically Registered Counsel